## Commonwealth ex rel. Gilson v. Keenan

*Virgil Gilson*, p. p., for petitioner.

*P. Richard Thomas*, District Attorney, for defendant.

MOOK, P. J., December 26, 1956.—This petition for writ of habeas corpus was filed by Virgil Gilson who was sentenced by the Court of Quarter Sessions of

Crawford County on five separate indictments of making a check with intent to defraud. Defendant pleaded guilty to each indictment on September 10, 1956, and on September 24, 1956, he was sentenced on each indictment to undergo imprisonment in the Allegheny County Work House for a minimum term of six months and a maximum term of one year. The sentences were to run consecutively.

In his petition for writ of habeas corpus petitioner avers that the sentences have now been changed or lumped to read not less than two and one-half and not more than five years. This is not a fact. The sentences have not been changed. It is true that since the sentences run consecutively, when the total time is computed the prisoner will be required to serve a minimum term of two and one-half years and a maximum period of five years, but since the court properly entered sentence on each indictment, it had a right to direct that the sentences should run consecutively: Commonwealth ex rel. Bishop v. Smith, 123 Pa. Superior Ct. 79.

Relator next contends that it was unlawful for the court to consider his prior record in entering sentence. This contention is utterly ridiculous. Judges, of course, have a right to consider the prior record of every person that comes before them for sentence and they ought to take into consideration whether the record is good or bad. As a matter of fact this relator had pleaded guilty to similar charges before the same judge who had sentenced him to a previous term in the Work House and then released him on parole upon his faithful promise to obey the law and be of good behavior. He had not been out of the Work House more than a month when he broke his parole and had to be recommitted and when he served his full sentence, it was only a matter of a few months until he began

writing fraudulent checks again, which resulted in the present charges as well as a number of others which were not completed. Certainly the court is not required to shut its eyes to facts that it already knows before imposing sentence. Relator states in his petition that the court erred in permitting his prior record to be read into the court's minutes. This was not done but we do not suppose it would make any difference if it was. Relator undoubtedly has in mind the rule against the admissibility of prior convictions during a trial, but this rule has no application to' the consideration of a defendant's record upon sentence.

Relator contends that the court also erred in accepting his pleas without the presence of counsel. It is well established now that the appointment of counsel in misdemeanor cases is not required but, nonetheless, in this case we offered to appoint counsel for defendant and made a record of the proceedings at the entry of the pleas which follows herewith:

"Q. Your name is Virgil Gilson, is it not?

"A. Yes, sir.

"Q. I heard you say that you don't have an attorney?

"A. No, sir. Mr. Pepicelli decided not to take it.

"Q. Do you want to secure counsel?

"A. No, sir.

"Q. You are willing to proceed without an attorney?

"A. Yes, sir.

"Q. You know that you have a right to have an attorney, do you not?·

"A. Yes, sir.

"Q. There are four indictments,—in fact five. All of· them charge you with uttering and publishing checks with intent to defraud . . . (reads from the papers). Now the Grand Jury has returned a true bill in this case, but you have a right to a trial before this court and a jury of 12 here today, or during this week,

at which time you can be represented by counsel and offer any defense you may have to this indictment, or you may waive your right to a trial and plead guilty. Now what do you wish to do?

"A. I will waive it and plead guilty. (reads the next no. 29, Sept. sessions, 1956)

"Q. What do you want to do about that one?

"A. Plead guilty.

"Q. By the way these checks are here in the event you wish to look at them, they are attached.

"A. I have seen them.

"Q. Now the indictment (reads no. 30, Sept. sessions, 1956)

"A. I plead guilty.

"Q. (reads no. 31, Sept. sessions, 1956) I ask you what do you want to do about that one? If you care to look at the check, I will show it to you.

"A. Guilty.

"Q. (no. 38, Sept. sessions, 1956 reads)

"A. I have seen that one, your honor.

"Q. Do you wish to see it again?

"A. No, I have seen it.

"Q. What do you want to do about this one?

"A. Guilty.

"Q. I will ask you, are you pleading to these charges of your own free will?

"A. Yes, sir.

"Q. No one has coerced or forced you or threatened you in any way if you don't plead guilty?

"A. No.

"Q. No one has made any promise to you, have they?

"A. No, sir.

"Q. You are entering these pleas because you did write these checks, knowing you had no money in the bank?

"A. Yes, sir.

"Q. You have done it before—in fact you have served time before, so that you knew what you were doing, did you not?

"A. Yes, sir.

"Q. You had access to counsel, and you talked to Mr. John Pepicelli, an attorney?

"A. Yes, sir.

"Q. All right, you will sign your plea. (witness signs)

"By the Court: Mr. Gilson, you may return with the sheriff. (Mr. Gilson leaves with the sheriff)."

As we have previously indicated, all of these pleas were entered on September 10, 1956, after which the prisoner was removed to the county jail to await sentence which was scheduled for September 24. At no time after the entry of the pleas does it appear that the prisoner ever asked for counsel or made any complaint about the entry of his pleas. We think he fully understood what he was doing and since he had previously consulted counsel, that the pleas were entered upon the advice of the attorney that he consulted. In any event the court afforded him ample opportunity to secure other counsel and only accepted the pleas after he stated he did not want an attorney. There is no basis, therefore, for his complaint now made for the first time that he did not have counsel.

Since there is no merit in defendant's petition, we enter the following

### Order

And now, December 26, 1956, after due consideration the petition for a writ of habeas corpus in the above entitled case is dismissed and relator is ordered to pay the costs.